UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
JAMES WILLIAM TOWNER,

                                        Plaintiff,

            v.                                          9:07-CV-1343
                                                        (TJM)(DRH)
JOHN DOE, Medical Doctor, Attica Correctional Facility;
JOHN DOE, Albany - APS; JON MILLER, Medical Doctor,
Coxsackie Correctional Facility,

                                        Defendants.
_____
APPEARANCES:

JAMES WILLIAM TOWNER
Plaintiff, *pro se*

THOMAS J. McAVOY, SENIOR JUDGE

## DECISION and ORDER

### I.    Introduction

        The Clerk has sent to the Court for review a complaint filed by James William

Towner, together with an application to proceed *in forma pauperis* and inmate

authorization form.[1]  Plaintiff, who has not paid the filing fee for this action, is confined

at Upstate Correctional Facility.[2]  Plaintiff has also filed motions seeking the

appointment of counsel, preliminary injunctive relief and a speedy trial.  Dkt. Nos. 4, 5,

10.

        By his complaint, plaintiff states that in 2004/2005, while confined at Attica, he

_____

        [1]  Plaintiff has recently filed three other actions in the Northern District.  See *Towner v. Lape*, 9:08-CV-0047 (DNH/DRH) (July 2007 assault at Coxsackie); *Towner v. River*, 9:08-CV-0049 (LEK/GHL) (alleged failure by Coxsackie officials to conduct salmonella tests on peanut butter); *Towner v. Woods*, 9:08-CV-0080 (TJM) (alleged failure by Upstate officials to provide adequate food).

        [2]  Plaintiff arrived at Upstate Correctional Facility in August, 2007.  Dkt. No. 1 at 12.

became ill with fever, headaches, and stomach cramps.  Plaintiff further states that he

was diagnosed with H. pylori and treated with antibiotics.  Plaintiff claims that the

treatment was not successful and that upon his transfer to Coxsackie Correctional

Facility in March, 2006, he was still symptomatic.  According to the complaint,

numerous tests were conducted in a further effort to diagnose the cause of plaintiff's

illness.  *Id*. at 2.  Plaintiff was again diagnosed with H. pylori and treated with antibiotics.

*Id*. at 5.  Plaintiff alleges that he was misdiagnosed on both occasions and claims that

he was suffering from salmonella poisoning which he contracted from contaminated

peanut butter products.[3]

In August, 2006, plaintiff underwent a contrast dye CT/MRI examination at

Albany Medical Hospital.  Plaintiff claims that he developed serious complications from

the dye used in that procedure and now suffers from nephrogenic systemic fibrosis.[4]

Plaintiff, who is now confined at Upstate Correctional Facility, claims that abdominal

surgery is now being improperly withheld by prison officials.

The complaint names as defendants an unidentified physician at Attica

Correctional Facility, Dr. Jon Miller, a physician at Coxsackie Correctional Facility, and

"John Doe Albany-APS."[5]  For a complete statement of plaintiff's claims, reference is

─────────────────────

[3] Plaintiff states that he "overhead a public announcement warning" regarding contaminated peanut butter in early 2007.  Dkt. No. 1 at 5.

[4] In September, 2007, plaintiff heard a public announcement warning about the use of "contrast dye imaging photo exams."  Dkt. No. 1 at 7.

[5] The complaint does not contain any allegations of misconduct by "John Doe, Albany - APS," nor is any further information provided regarding the identity of this defendant.

made to the complaint.[6]

## II.     Discussion

Where a plaintiff seeks leave to proceed *in forma pauperis,* the Court must determine whether the plaintiff has demonstrated sufficient economic need  to proceed without prepaying, in full, the $350.00 filing fee.  The Court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1).

### A.  Economic Need

In this case, plaintiff has demonstrated economic need and has filed the inmate authorization form required in this District.  Accordingly, plaintiff properly commenced this action without prepayment of the filing fee.

### B.  Sufficiency of the Complaint

Turning to the second inquiry, 28 U.S.C. § 1915(e), as amended, directs that the Court:

(2)     [S]hall dismiss the case at any time if the court determines that -

***
(B) the action ... (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, there is a responsibility on the Court to determine that a complaint may be properly maintained in the District before it may permit a plaintiff to

---

[6]  Plaintiff has submitted over 300 pages of exhibits in support of his complaint. Dkt. Nos. 1, 9.  However. because none of the exhibits are identified or referenced in the complaint, they are not properly before this Court.

proceed with an action *in forma pauperis*. *Id.*; *see also* 28 U.S.C. § 1915A(b)(1).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend VIII. This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).[7] Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Id.* at 106. Rather, the plaintiff must allege conduct that is "'repugnant to the conscience of mankind'" or "'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992) (quoting *Estelle,* 429 U.S. at 102, 105-06).

In the present case, plaintiff claims only that he was incorrectly diagnosed with H. pylori at Attic, and again at Coxsackie, when he believes that he was suffering from salmonella food poisoning. Plaintiff does not allege that the defendants acted with deliberate indifference to his medical needs or that medical personnel were reckless in their treatment of him. Even assuming that plaintiff's condition was misdiagnosed, that claim is not cognizable in an action pursuant to § 1983. As to any claims set forth in the complaint arising out of plaintiff's current medical care at Upstate Correctional Facility,

---

[7] The standard of deliberate indifference includes both subjective and objective components. "First, the alleged deprivation must be, in objective terms, 'sufficiently serious.'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (citations omitted). Second, the defendant "must act with a sufficiently culpable state of mind." *Id.*

those claims are not properly before this Court because none of the defendants are identified as medical providers at that facility.[8]

In sum, plaintiff has not alleged any facts which, if proven, might sustain a claim that the defendants' conduct violated his constitutional rights. Accordingly, plaintiff's complaint, as presented to this Court, fails to state a claim upon which relief may be granted and must be dismissed.

In light of the dismissal of the complaint, plaintiff's *in forma pauperis* application and motions for appointment of counsel, preliminary injunctive relief and a speedy trial are denied as moot.

## III.    Conclusion

WHEREFORE, it is hereby

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and it is further

ORDERED, that plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is denied as moot, and it is further

ORDERED, that plaintiff's motions for appointment of counsel (Dkt. No. 4), preliminary injunctive relief (Dkt. No. 5), and for a speedy trial (Dkt. No. 10) are denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on plaintiff.

---

[8] As noted, the complaint filed in *Towner v. Woods*, 9:08-CV-0080 (TJM), arises out of plaintiff's confinement at Upstate Correctional Facility.

IT IS SO ORDERED.

Dated:February 5, 2008

Thomas J. McAvoy
Senior, U.S. District Judge

6